| Matter of Caruso (Deppe) |
|:---:|
| 2025 NY Slip Op 30554(U) |
| February 11, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2021-4543/A/B |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

FEB 11 2025

At a Surrogate's Court of the State of New York held in and for the County of New York on the 11th day of February, 2025.

PRESENT: HON. HILARY GINGOLD,
                                    SURROGATE.

-----------------------------------------------------------------------X
In the Matter of the Petition of JOLIE M. CARUSO
In accordance with SCPA 2205, SCPA 2206, SCPA 711,          File no. 2021-4543/A/B
And SCPA 719 for a Compulsory Accounting, to Remove
a Lifetime Trustee and Related Relief in the Estate          **DECISION and ORDER**
of Henry A. Deppe,

                                    Deceased.
-----------------------------------------------------------------------X

GINGOLD, S.

This is a petition to remove a trustee and appoint a successor trustee. Petitioner is Jolie M. Caruso, a beneficiary of a lifetime trust known as the Henry A. Deppe Revocable Trust, dated July 28, 2011, as amended and restated on May 16, 2013 (the "Trust"). For the reasons that follow, the petition is granted to the extent that Lynda Deppe ("Lynda"), current sole Trustee of the Trust, is suspended. The relevant facts are as follows.

The Trust

The Trust was entered into by Henry A. Deppe, as Grantor, deceased, with Henry A. Deppe, as Trustee, deceased. Lynda replaced the decedent as Trustee of the Trust, effective August 17, 2013.

The Trust provides, in part, for the decedents three daughters: Lynda, Katherine Deppe, a/k/a Katherine Deppe Brigante ("Katherine"), deceased, and Marlaina Deppe ("Marlaina"). Petitioner is the sole issue of Katherine, deceased.

The Trust states that upon the death of the decedent, the Trust shall become irrevocable, and further provides for the decedent's three daughters, as is relevant to this proceeding, as follows:

The Trustee shall distribute all the rest, residue and remainder of the trust estate (hereinafter "the Residuary Trust") as follows:

(i)     The Trustee shall distribute to the Grantor's daughter, LYNDA, per stirpes, an amount equal to sixty percent (60%) of the Residuary Trust.

(ii)    The Trustee shall hold the balance of the Residuary Trust in trust for the benefit of Grantor's daughter, KATHERINE, per stirpes, and shall invest the principal of the trust, collect the income thereof, and pay or apply the net income at least annually to KATHERINE. In addition, the Trustee shall pay so much of the principal to or for KATHERINE's benefit as the Trustee determines to be advisable for her health, support, maintenance and comfort during her lifetime. Notwithstanding the preceding sentence, during the period the Trust for KATHERINE holds a note from Grantor's daughter, MARLAINA, all payments under the note (other than any balloon payment) received by the Trust shall be distributed to KATHERINE unless the Trustee determines such distribution would not be in KATHERINE's best interests. Upon KATHERINE's death, distributions shall continue to her issue pursuant to the provisions of this Article SECOND (e)(ii)(A).

Article SECOND, paragraph (e)

The Trust further provides that "[a]ll discretionary payments made in accordance with the provisions of any trust created under this Agreement shall be absolute and free from all trusts, and the judgment of the Trustee as to the amount of such payments and the advisability thereof shall be final and conclusive upon all persons interested in or who may become interested in the trust estate. Upon making any such payments, the Trustee shall be fully released and discharged from all further liability or accountability therefore." Article THIRD, paragraph (a).

Procedural History

Citation has been issued to all necessary and interested parties to this proceeding and jurisdiction is complete. Previously, in an order dated March 1, 2023, the court granted petitioner's initial petition to compel Lynda to account for her transactions as Trustee of the Trust and specifically directed Lynda "to file an account of her proceedings together with a petition for its judicial

settlement on or before April 26, 2023." Lynda did not comply with the court's March 1, 2023 Order.

In a Supplemental Affirmation of Urgency, petitioner's counsel explains that Lynda provided a Trust Accounting Review to petitioner on May 26, 2023, which has been provided to the court. That Accounting shows, in pertinent part, that the Trust assets as of January 1, 2023 are $1,252,574.32 and further indicates that during the period from 2013 to 2022, the Trust received $518,474.29 in income and distributed $987,819.59 to the beneficiaries as follows:

[1] Petitioner: $147,615.14;
[2] Marlaina: $7,340.00;
[3] Katherine: $404,006.38; and
[4] Lynda: $404,858.07.

In a stipulation dated August 1, 2024, entered into by petitioner's counsel, John Farnsworth, Esq., and an attorney who filed notice of appearance on behalf of Lynda, Dena Simone Moss, Esq., the parties agreed, *inter alia*, that "[t]he Trustee shall submit a Judicial Accounting for settlement no later than September 11, 2024." Lynda has still not, however, filed an accounting with the Court for judicial settlement.

At a prior conference with the court, there was no dispute that Lynda had failed to make necessary distributions to petitioner. As memorialized in a letter from Attorney Moss dated September 12, 2024, Lynda transferred the sum of $24,000 by wire to counsel for petitioner. Attorney Moss further represented in said letter that she expected to deliver the original Judicial Accounting to the Miscellaneous Department on September 16, 2024. Still, no formal accounting has been filed.

This petition appeared on the Court's Calendar on February 11, 2025 following petitioner's service of a Third Supplemental Citation to Marlaina. Neither Lynda nor Marlaina and/or their counsel appeared in court on February 11, 2025 at the calendar call and no papers have been filed by them. Only petitioner and her counsel appeared on February 11, 2025. Petitioner's counsel represented to the Court that Lynda and her counsel have been nonresponsive, that Lynda has still not filed any formal accounting or provided any information to supplement the

[* 3]

previously provided informal accounting and otherwise reiterated petitioner's concerns about the Trust's assets and distributions owed to petitioner.

Discussion

Pursuant to SCPA § 711, an interested person may present a petition for a decree suspending, modifying or revoking letters and the fiduciary may be cited to show cause why a decree should not be made accordingly where the fiduciary "has willfully refused or without good cause neglected to obey any lawful direction of the court contained in any decree or order or any provision of law relating to the discharge of his [or her] duty" or "[i]n the case of any fiduciary who fails to file an account within such time and in such manner as directed by the court."

Further, SCPA § 719 provides that the court may make a decree suspending, modifying or revoking letters to a fiduciary from the court or removing a lifetime trustee or modifying or suspending the powers of a lifetime trustee without a petition or the issuance of process: 1. Where the fiduciary ... having been ordered to account, fails to file an account within such time and in such manner as directed by the court."

Here, despite the Court's March 1, 2023 Order directing Lynda to settle a judicial accounting, and stipulations thereafter wherein Lynda agreed to comply therewith, Lynda has nonetheless failed to file a formal accounting. Lynda has not even answered the petition and defaulted at the most recent court appearance on February 11, 2025. On this record, where the allegations are not in dispute, the court must take corrective action (*In re Estate of Chase*, 44 AD3d 1180 [3d Dept 2007]) and remove Lynda as Trustee of the Trust (*see generally Matter of Weinraub*, 68 AD3d 679 [1st Dept 2009]).

Petitioner has not, however, set forth the qualifications of her proposed trustee, Thomas E. Sewell, to serve as Trustee of the Trust. Moreover, the proposed successor trustee has not complied with SCPA § 708 and filed an oath and designation in accordance therewith. In open court, petitioner's counsel conceded that petitioner's proposed trustee was not qualified to serve as a fiduciary in this matter. Therefore, that portion of the petition is denied.

[* 4]

Since the Trust is without a trustee, the Court hereby appoints the Public Administrator of the County of New York as successor trustee of the Trust (*see i.e. In re Simmons*, 844 NYS.2d 598 [Surr Ct, NY Co 2007]).


**CONCLUSION**

Accordingly, it is hereby

**ORDERED** that the petition is granted to the extent that Lynda Deppe is hereby removed as Trustee of the Henry A. Deppe Revocable Trust, dated July 28, 2011, as amended and restated on May 16, 2013 (the "Trust"); and it is further

**ORDERED** that the balance of the petition is denied; and it is further

**ORDERED** and the Public Administrator of the County of New York is appointed successor trustee of the Trust and letters of trusteeship shall be issued to the Public Administrator of the County of New York.

Submit Decree.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the Decision and Order of the Court.


_____
**S U R R O G A T E**

[* 5]